IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JADOM FURNITURE COMPANY, LTD.**, a corporation organized under the laws of The Peoples Republic of China, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 05 C 6077 |
| v. | ) ) ) | Magistrate Judge Martin C. Ashman |
| **OCTOBER GROUP INTERNATIONAL, L.L.C.**, a Delaware limited liability company (dissolved), **BERMAN INDUSTRIES, INC.**, an Illinois corporation, **ASIA LIGHTING, INC.**, a Cayman Islands corporation, **CHARLES BERKELHAMER**, and **GANG XU**, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before this Court on the motion of defendants, Berman Industries, Inc., Charles Berkelhamer, and Gang Xu (collectively "Defendants"), for leave to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a) ("Rule 14(a)") against Bart Levine ("Levine"). The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a). For the reasons that follow, the Court denies Defendants' motion.

## I. Background

In the underlying suit, filed October 21, 2005, plaintiff Jadom Furniture Company, Ltd. ("Jadom"), is seeking to collect on unpaid invoices stemming from a purchase agreement with defendant October Group International, LLC ("OGI"). OGI has since been dissolved in bankruptcy. (Jadom Compl. ¶¶ 1, 9.) Essentially, Jadom alleges that between July 2004 and December 2004 OGI placed orders and purchased materials from Jadom during which time OGI was insolvent. (Jadom Compl. ¶ 14.) Jadom alleges that, during this period, Defendants were in control of OGI and knew of its insolvency, and therefore that Jadom is entitled to recover the purchase price of the goods OGI ordered from Jadom, which amounts to $146,010.80.[1] (Compl. ¶¶ 14, 19-20.)

In the instant motion, Defendants request leave to file a third-party complaint against Levine in order to seek indemnification in the event Defendants are found liable to Jadom in the underlying suit. (Def.'s Mot. ¶ 5.) Defendants allege that Levine, as Executive Sales Manager for OGI, was responsible for the day-to-day operations of OGI and possessed the authority to order and purchase materials on behalf of the company. (Def.'s Mot. Ex. 1, ¶¶ 18-20.) Defendants assert that Levine knew of OGI's insolvency, and that he continued to submit purchase orders to Jadom despite his knowledge of the insolvency. (Def.'s Mot. Ex. 1, ¶¶ 21-22.) Based on these facts, Defendants seek indemnification from Levine on the theory that he owed

---

[1] Jadom's theory of its case is that Defendants were in control of OGI, and that Defendants owed Jadom a fiduciary duty "as a creditor of October Group to treat the assets of October Group as a trust fund for the benefit of its creditors." (Jadom Compl. ¶ 20.) Defendants allegedly breached this duty by distributing the remaining OGI funds "disproportionately to creditors [in disregard of] the fiduciary duty imposed upon them by the insolvency of October Group." (Jadom Compl. ¶ 21.) In short, Jadom seeks to hold Defendants vicariously liable for OGI's debts. (Jadom Compl. ¶ 22.)

certain fiduciary duties to Defendants. (Def.'s Mot. Ex. 1, ¶ 23.) Specifically, Defendants intend to argue that Levine breached his fiduciary duty of due care by submitting purchase orders to Jadom while OGI was insolvent. (Def.'s Mot. Ex. 1, ¶ 24.) In light of this, Defendants contend that any failure on their part to remit payment to Jadom was a direct result of Levine's breach of his fiduciary duties. (Def.'s Mot. Ex. 1, ¶¶ 24-25.) As a result, Defendants wish to seek indemnification from Levine for any damages resulting from liability in the underlying suit. (Def.'s Mot. Ex. 1, ¶ 25.)

The Court does not believe that Defendants can recover from Levine under their theory on the facts alleged. For the reasons set forth below, this Court denies Defendants' motion for leave to file a third-party complaint.

## II. Discussion

Federal Rule of Civil Procedure 14(a) allows a defending party to serve a third-party complaint upon a person not a party to the original action where that third-party defendant "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). If the defendant files its third-party complaint more than ten days after serving its answer, the defendant must obtain leave to file the third-party complaint. "The decision to grant leave is at the discretion of the trial court and depends on factors such as the timeliness of the motion and whether the proposed claim will unduly complicate the existing action," and whether any party is prejudiced by the delay in filing the third-party complaint. *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2006 WL 2666289, at *2 (N.D. Ill. Sept. 14, 2006) (citing *Highlands Ins. Co. v. Lewis Rail Serv. Co.*,

10 F.3d 1247, 1251 (7th Cir. 1993); *Laborers' Pension Fund v. McKinney Constr. Corp.*, No. 99 C 5435, 2000 WL 1727779 (N.D. Ill. Nov. 21, 2000)). "It is not enough that the third-party complaint has merely grown out of the same transaction as the original complaint. There must also be a claim that the impleaded parties would be secondarily liable to the defendants in the event that the defendants are held liable to the plaintiffs in the original action." *Trustees of Cent. States, SE & SW Areas Health & Welfare Fund v. State Farm Mut. Auto. Ins. Co.*, 89 C 0435, 1991 WL 191456, at *2 (N.D. Ill. Sept. 16, 1991) (citing *U.S. General, Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir.1979)).[2]

Before the Court will grant the motion for leave to file the third-party complaint, the Court must be assured that, based on the alleged facts which the Court must assume are true, Defendants can legally succeed on their claim against Levine. *See Creek v. Village of Westhaven*, No. 83 C 1851, 1989 WL 24088, at *5 (N.D. Ill. Mar. 15, 1989) (court should deny leave where the claim "appear[s] to be without merit"); 6 Charles Alan Wright et al., Fed. Practice & Procedure § 1446 (West 2007) ("But impleader is proper only when a right to relief exists under the applicable substantive law. If, for example, the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed." (footnote omitted)). "Of particular importance is that while Rule 14 provides the procedural

---

[2] The parties' briefs addressed the issue of Defendants' filing this motion well after the ten-day window in which the Defendants could have filed the third-party complaint without leave of court. On this issue, the Court notes that Defendants waited more than a year after filing their answer before filing the instant motion. In addition, Jadom argues that the parties have been engaged in discovery, which is almost complete; Defendants argue that no discovery has taken place. Although the delay is significant and prejudice may be likely, because the Court denies Defendants' motion for leave to file their third-party complaint for reasons unrelated to the delay, the Court declines to deny leave on the basis that the delay prejudiced Jadom.

mechanism for the assertion of a claim for contribution or indemnity, there must also exist a substantive basis for the third-party defendant's liability." *Kim v. Fujukawa*, 871 F.2d 1427, 1434 (9th Cir. 1989) (citation omitted). Here, the substantive basis for Defendants' claim against Levine is implied indemnify on the basis of a breach of fiduciary duty. Thus, in the present case, the Court will grant Defendants leave to file their third-party complaint only if this basis can legally support the relief that Defendants seek. Because the Court does not believe that Defendants can succeed under this theory, the Court must deny Defendants' motion for leave to file their third-party complaint.

### A. Whether a Breach of Fiduciary Duty Supports Implied Indemnity

The Court first addresses whether a breach of fiduciary duty can support a claim for implied indemnity under Illinois law. Generally, indemnity shifts the entire loss from liability to another party who is the actual wrongdoer or who is primarily liable. *Tokio Marine & Fire Ins. Group v. J.J. Phoenix Express, Ltd.*, 156 F. Supp. 2d. 889, 895 (N.D. Ill. 2001). The duty to indemnify can be implied by law to prevent unjust enrichment. *Id.* This concept of implied indemnity arose from two distinct theories, one based on tort principles and the other arising from contractual or non-tort roots. *American Nat'l Bank & Trust Co. v. Columbus-Cuneo-Cabrini Med. Ctr.*, 154 Ill. 2d 347, 351, 609 N.E.2d 285 (1992).

The tort-based basis for implied indemnity is no longer available under Illinois law and is not available to Defendants.[3] Defendants' claim is premised on a breach of fiduciary duty, which

---

[3] Upon passage of the Joint Tortfeasor Contribution Act, indemnity based on the tort principles of relative fault was abolished in Illinois. *American Nat'l Bank & Trust Co.*,

(continued...)

for indemnification purposes is not a tort in Illinois. *Kinzer v. City of Chicago*, 128 Ill. 2d 437, 445, 539 N.E.2d 1216, 132 Ill. Dec. 410, 414 (1989). Defendants correctly note that Illinois law still recognizes the viability of implied non-tort indemnification; although it abolished tort-based forms of implied indemnification, *Allison* excepted the following bases: claims based on defective products, vicarious liability, and express contractual obligations. *Diamond v. Gen. Tel. Co.*, 211 Ill. App. 3d 37, 45, 569 N.E.2d 1263 (App. Ct. 1991) ("[I]t is clear that *Allison* did not extinguish all forms of implied indemnity."). Following *Diamond*, the Supreme Court of Illinois reiterated the viability of implied indemnification in certain instances; notably, the court held that, where a third party is vicariously liable to the defendant, the court may imply an obligation of the third party to indemnify the defendant. *American Nat'l Bank & Trust Co.*, 154 Ill. 2d at 354, 609 N.E.2d 285.

Here, Defendants' claim is essentially rooted in vicarious liability. Defendants argue that any liability they face as a result of Jadom's claim is solely the result of Levine's conduct. In other words, although Defendants may be found technically at fault, Defendants argue, the actual fault lies squarely on Levine. Defendants have not pointed to an Illinois case where implied indemnification was granted on a claim for breach of fiduciary duty. The case Defendants cite, *Carillo v. Jam Productions, Ltd.*, is not on point, which Defendants admit. (Def.'s Reply at 4 (citing *Carillo v. Jam Prods., Ltd.*, 173 Ill. App. 3d 693, 527 N.E.2d 964 (App. Ct. 1988)).) In *Carillo*, the third-party plaintiff Jam Productions sought indemnification from third-party

---

(...continued)
154 Ill. 2d at 351, 609 N.E.2d 295; *Allison v. Shell Oil Co.*, 113 Ill. 2d 26, 35, 495 N.E.2d 496 (1986) ("Active-passive indemnity is no longer a viable doctrine for shifting the entire cost of tortuous conduct from one tortfeasor to another.").

defendant BADK for allegedly breaching its contract with Jam Productions. *Id.* at 695, 527 N.E.2d 964. Jam Productions argued that a duty to indemnify was implicit in the agreement between it and BADK. *Id.* at 696, 527 N.E.2d 964. Agreeing with Jam Productions, the appellate court reversed the trial court's dismissal of the complaint. The court reasoned that the contract between the parties created an implied obligation for damages "that may fairly and reasonably be considered to naturally arise" from a contract breach. *Id.* In short, *Carillo* implied a duty to indemnify into the parties' contract.

*Carillo* is different than Defendants' claim because Defendants explicitly state that they are not relying on the employment agreement between Levine and OGI, which includes a clause mandating arbitration of employment-related disputes. Indeed, after *Allison*, the Illinois courts that have found implied indemnity have involved a breach of contract. The Court's research has unearthed few post-*Allison* cases where a party argued that the court should imply a duty to indemnify based on a breach of fiduciary duty. *See People ex rel. Hartigan v. Community Hosp.*, 189 Ill. App. 3d 206, 218, 545 N.E.2d 266 (App. Ct. 1989) (addressing "a claim for implied indemnification for breach of fiduciary duty based upon the substantive law of agency," but declining to imply indemnification on the facts before the court). In light of the decision of the Illinois Supreme Court to extinguish tort-based implied indemnification, as well as the fact that the Illinois Supreme Court has not explicitly stated that implied indemnification based on breach of fiduciary duty is viable, this Court does not believe that a breach of fiduciary duty can support implied indemnification; it is not the province of this Court to create Illinois law the Court will not create an Illinois cause of action where one does not already exist.

B.     **Whether the Facts Support a Breach of Fiduciary Duty**

Even assuming that a breach of fiduciary duty creates a possibility of implied indemnification, the facts on which Defendants base their claim do not support Defendants' argument that Levine breached any fiduciary duty. Under Illinois law, in order to state a claim for breach of fiduciary duty, the plaintiff must set forth allegations, supported by facts, that (1) a fiduciary relationship existed between the parties; (2) the defendant owed certain and specific fiduciary duties to the plaintiff; (3) the fiduciary duty was breached; and (4) the breach proximately caused the injury of which the plaintiff complains. *Neade v. Portes*, 193 Ill. 2d 433, 444, 739 N.E.2d 496 (2000); *Chicago City Bank & Trust Co. v. Lesman*, 186 Ill. App. 3d 697, 701, 542 N.E.2d 824 (App. Ct. 1989).

Defendants fail to allege that Levine breached a fiduciary duty that caused Defendants' liability to Jadom. Apparently, the fiduciary relationship that existed between Defendants and Levine was an employer-employee relationship, which is a type of agency relationship. Under the laws of agency, an agent is liable to her principal where the agent has acted negligently or has otherwise acted outside the scope of the authority that the principal has granted to the agent. *See* Restatement (Second) of Agency § 401 cmt. d (1958).

Here, Defendants argue that by purchasing materials for OGI's day-to-day operations while OGI was near insolvency Levine violated his fiduciary duty to Defendants. As Executive Sales Manager, Levine was vested with the authority to order materials in the ordinary course of business on behalf of OGI. Assuming the facts alleged are true, Levine had knowledge that OGI was operating on the brink of insolvency, and he continued to place orders with Jadom binding on OGI in spite of OGI's likely inability to pay for those orders.

The Court cannot conclude that these facts constitute a breach of fiduciary duty. A mere knowledge of a company's insolvency does not require that company's employees to halt operations. Many companies place orders for which they are presently unable to pay, on the hope or expectation that they will be able to sell or use the goods in order to grow the business. Indeed, many businesses that are just starting out must operate at very thin margins, and the Court believes that a rule that an employee has a fiduciary duty to refrain from placing orders if the employee has knowledge that the employer cannot pay for the ordered goods would hamstring many young businesses. Even businesses that were at one time well established may at some point face difficult times, at which point Defendants' theory would force such businesses to close shop rather than push through. The Court does not see the benefit of a rule with such draconian consequences, nor have Defendants cited any case supporting such a doctrine. Rather, the Court believes that Defendants' factual allegations demonstrate not a deviant but a normal course of conduct on Levine's part. *See Dunlap v. First Nat'l Bank*, 76 F. Supp. 2d 948, 958 (C.D. Ill. 1999) (rejecting the plaintiff's claim of breach of fiduciary duty where the defendant bank was acting in "a normal and natural course of conduct" pursuant to its duties).

For these reasons, the Court finds that Defendants' have not sufficiently pled a cause of action that would allow them to recover from Levine. Thus, the Court must deny Defendants' motion for leave to file a third-party complaint.

## III. Conclusion

For the foregoing reasons, Defendants' request for leave to file a third-party complaint is denied.

**ENTER ORDER:**

_____
 MARTIN C. ASHMAN
 United States Magistrate Judge

Dated: August 14, 2007.

Copies have been mailed to:

| | |
|---|---|
| GERALD B. MULLIN, Esq.<br>Gerald B. Mullin, P.C.<br>122 South Michigan Avenue<br>Suite 1720<br>Chicago, IL 60603 | JOSH S. KAPLAN, Esq.<br>JONATHAN M. WEIS. Esq.<br>Levin Ginsburg<br>180 North LaSalle Street<br>Suite 3200<br>Chicago, IL 60601-2800 |
| Attorney for Plaintiff | Attorneys for Defendants |